IN RE MATTER OF MEDICAL SUSPENSION PROCEEDINGS
AGAINST WICKLUND.

*No. 75–335–D. Submitted December 16, 1976.—
Decided January 6, 1977.*
(Also reported in 248 N. W. 2d 490.)

*PER CURIAM.* This is an original action commenced upon the complaint of the Board of State Bar Commissioners seeking, pursuant to sec. 256.286, Stats., the suspension of the license to practice law of Arne Wicklund, an attorney admitted to practice by this Court on February 10, 1950.

The complaint alleged that Wicklund should not be permitted to engage in the practice of law because of a

1

mental illness which constitutes a danger to potential clients and the public. Wicklund filed an answer and affirmative defense. This Court on October 10, 1975, appointed the Honorable Rodney Young as referee to try the issues raised by the complaint and answer and to file findings of fact and recommendations with the Court. On November 4, 1975, in response to a petition by the Board of State Bar Commissioners, pursuant to sec. 256.286(6), Stats., this Court appointed counsel to represent Wicklund. Substituted counsel was later appointed. On February 27, 1976, this Court, pursuant to sec. 256.286(2), appointed two doctors to conduct an examination of Wicklund and ordered Wicklund to submit to the examination.

The referee subsequently ordered Wicklund to present himself at the offices of the two doctors at specific times and dates and ordered Wicklund to appear before him on August 6, 1976. Wicklund failed to comply with any of the orders. Wicklund was then notified of a hearing to be held before the referee on September 23, 1976, on the complaint. The hearing was held, but Wicklund did not appear in person. His court appointed counsel did appear, but Wicklund had not been in communication with him. At the September 23, 1976, hearing the referee received evidence and on October 6, 1976, filed a report with this Court making findings as to Wicklund's refusal to participate in the proceedings, that Wicklund's mental illness was demonstrated by various documents and letters prepared by him, and that the illness made him a danger to potential clients and the public if permitted to practice law. The referee recommended Wicklund's license be suspended indefinitely because of mental illness or in the alternative that his license be suspended for failure to comply with orders of this Court and the referee, and that if Wicklund should petition for reinstatement, this Court should require he be examined by a psychiatrist.

The Board of State Bar Commissioners has filed a brief in support of the referee's report and recommendations. Wicklund has filed no response to the referee's report or the brief of the Bar Commissioners. His court appointed counsel has filed a letter with the Court in which he states that all of his efforts to contact Wicklund have met with no response from him, and thus it was impossible for counsel to file a brief in opposition to that of the Bar Commissioners.

We have reviewed the documents filed in this Court by Wicklund as well as the documents introduced at the hearing before the referee. We believe these documents and his conduct in these proceedings demonstrate that Wicklund is suffering from a mental illness which makes it dangerous to potential clients and to the public for him to continue to practice law at this time. We must, consequently, suspend his license to practice law until such time as he demonstrates to this Court that his mental health has been restored and he is again able to practice law without danger to his clients and the public.

Attorney Arne Wicklund's license to practice law is suspended until such time as he is found by order of this Court to be mentally able to practice law.

ABRAHAMSON, J., took no part.